UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

-v-

APPLE, INC., et al.,
Defendants.

12 Civ. 2826 (DLC)

MEMORANDUM OPINION & ORDER

Appearances:

For plaintiff the United States:

Mark W. Ryan
Lawrence E. Buterman
Stephen T. Fairchild
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530

For defendant HarperCollins Publishers L.L.C.:

Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
C. Scott Lent
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

For defendants Hachette Book Group, Inc. and Hachette Digital, Inc.:

Walter B. Stuart
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022

Richard S. Snyder
Freshfields Bruckhaus Deringer US LLP
701 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004

For defendants Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc.

James W. Quinn
Yehudah L. Buchweitz
Weil, Gotshal, & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Helene D. Jaffe
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Martha E. Gifford
Law Office of Martha E. Gifford
137 Montague Street #220
Brooklyn, NY 11201

For amicus curiae Bob Kohn:

Bob Kohn
140 E. 28th St.
New York, NY 10016

Steven Brower
Buchalter Nemer
18400 Von Karman Ave., Suite 800
Irvine, CA 92612-0514

DENISE COTE, District Judge:

On September 7, 2012, Bob Kohn ("Kohn") moved to intervene in this action for the sole purpose of filing an appeal.[1] Kohn seeks to appeal from the final judgment of September 6 ("Final

[1] Kohn was granted permission to submit an <u>amicus</u> brief in this litigation by Order of August 28, 2012.

Judgment") as to plaintiff the United States of America ("the Government") and defendants Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins") and Simon & Schuster, Inc. ("Simon & Schuster") (collectively, "Settling Defendants"), and the Opinion and Order of September 5 granting entry of the Final Judgment. United States v. Apple, Inc., No. 12 Civ. 2826 (DLC), 2012 WL 3865135 (S.D.N.Y. Sept. 5, 2012). The Final Judgment approved the settlement by three of six defendants of antitrust claims brought by the Government arising out of a pattern of agency agreements executed in January 2010 for the sale of e-books. For the following reasons, the motion to intervene is denied.

Kohn describes himself as a "consumer of digital goods, author of a treatise on copyright, and founder and CEO of technology companies directly involved in the digital distribution of music and e-books." Kohn argues that he is "as well-situated as any consumer" to demonstrate that the Final Judgment is not in the public interest.

The Government and Settling Defendants have each opposed Kohn's motion to intervene. The motion was fully submitted on September 21.

Rule 24 of the Federal Rules of Civil Procedure provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares

with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[2] The words "'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit." Diamond v. Charles, 476 U.S. 54, 76 (1986) (O'Connor, J., concurring).

A district court has broad discretion in deciding whether to grant permissive intervention. See Restor-A-Dent Dental Lab. v. Certified Alloy Prod., 725 F.2d 871, 876-77 (2d Cir. 1984). In exercising its discretion, a district court must consider whether granting the request "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additional relevant factors

> include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).

Kohn fails to demonstrate that he should be permitted to intervene. Kohn's expressed interest in the action is as a "consumer of e-books and e-book systems" who fears that the

---

[2] Kohn does not claim that he is entitled to intervention as a matter of right pursuant to Rule 24(a).

Case: 12-4017 Document: 2 10/04/2012 742770 Page: 5 of 10

Final Judgment may result in consumers paying less "efficient" prices for e-books or that it may stifle competition in what Kohn terms the e-books systems market. According to Kohn, he and other consumers believe that even though they paid higher prices for some e-books as a result of the defendants' activities, they have nonetheless benefitted because they paid "more efficient prices" and because the defendants' activities increased competition in what he considers the relevant market. As he puts it, higher prices are in this instance "good for consumers." Kohn represents that he is prepared to file an answer to the complaint in order to raise defenses that the defendants have not or may not interpose in this action. He acknowledges that he has not formally sought to represent a class of consumers in this litigation, but argues that if he had chosen to file the motion to intervene as a motion to certify a class action on behalf of consumers, then he may very well have satisfied the Rule 23 requirements.

As the description of Kohn's argument underscores, Kohn does not suggest that his individual rights will be impaired in any way if he is not permitted to intervene. See Diamond, 476 U.S. at 76-77. Kohn's legal theories are not "claims or defenses" that share a common question of law or fact with the claims and defenses of the parties, as envisioned by Rule 24(b). One consolidated putative class action and two parens patriae

actions have already been filed to represent the interests of consumers in this antitrust litigation. While Kohn wishes to assist the defendants in this litigation and proffers arguments in their defense, the lawyers representing the putative class and the many States that have filed the parens patriae actions have brought claims against the defendants. Kohn has not argued that he -- and the "millions" of other consumers on whose behalf he contends he speaks -- should be treated as defendants. Nor does anyone suggest that consumers are in violation of the antitrust laws.

The six defendants in this litigation are fully capable of framing their own defenses. There remain three defendants who have not settled with the Government and who vigorously dispute its theory of the case and its claims. All three opposed entry of the Final Judgment, including the Court's public interest determination. Apple, 2012 WL 3865135, at *8. Kohn does not explain why these parties, each of whom is represented by sophisticated counsel, is not capable of making each of the legal and factual arguments against the settlement that they believe defendants should make.

Approval of this motion to intervene would also prejudice the adjudication of the rights of the parties to the Final Judgment. See Fed. R. Civ. P. 24(b)(3). The parties to that judgment have settled, and they are entitled to litigation

peace. In addition, the Court of Appeals should not be burdened by an appeal filed by a member of the public who does not qualify as an intervenor under the federal rules.

Moreover, Kohn's analysis of the factual and legal issues in this case has already been considered, and he may have a further opportunity to present his views and to have them considered anew, albeit not as an intervenor. Kohn was a full participant in the Tunney Act public comment process and was granted permission to make an amicus curiae submission.[3] Apple, 2012 WL 3865135, at *4. Through these two avenues, he was given a full opportunity to express his personal views on the Government's theory of the case and the state of competition in the e-books market. Courts, however, deny permissive intervention for those who seek merely to advance their own view as to what might be preferable for the public. See Buckeye Coal & Railway Co. v. Hocking Valley Railway Co., 269 U.S. 42, 49 (1925) (the United States "must alone speak for the public interest"); see also United States v. Associated Milk Producers, Inc., 534 F.2d 113, 117-118 (8th Cir. 1976); cf. Sam Fox Pub. Co. v. United States, 366 U.S. 683, 689 (1961) (denying

[3] Kohn argues that his motion to intervene should be granted since this Court allowed him to appear as amicus curiae. As is customary, this Court granted every application it received to be heard as a friend of the Court. A motion to intervene, however, is governed by a federal rule of procedure and the well-established principles set forth above.

Case 12-4017, Document 2, 10/04/2012, 742770, Page8 of 10

intervention as of right absent a claim of "bad faith or malfeasance on the part of the Government").

Apple has represented that it will appeal the Final Judgment. Assuming it is determined that Apple has a right to do so, Kohn will then have the opportunity to apply to the Court of Appeals to appear as an amicus curiae in that forum.[4] If granted that right, Kohn will be able to present those arguments that he believes it is important for the appellate court to consider, including any arguments that appellants do not choose to make.

Kohn suggests that a motion to intervene in a Tunney Act proceeding for the purposes of filing an appeal is governed by different standards than other Rule 24 motions. But, in all the cases on which he relies, the courts grounded their decisions to grant or deny intervention on the provisions of Rule 24. Flying J. Inc. v. Van Hollen, 578 F.3d 569, 571-73 (7th Cir. 2009); Massachusetts v. Microsoft Corp., 373 F.3d 1199, 1234 (D.C. Cir. 2004); Massachusetts School of Law at Andover, Inc. v. United States, 118 F.3d 776, 779-80 (D.C. Cir. 1997); United States v. LTV Corp., 746 F.2d 51, 54-55 (D.C. Cir. 1984); United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1291-93 (D.C. Cir. 1980) ("AT&T I"); United States v. American Tel. & Tel. Co., 552

[4] Kohn does not suggest, nor could he, that he would have a superior right to file an appeal from the Final Judgment than Apple, who is a defendant in the action.

Case 12-4017 Document 2 10/04/2012 742770 Page 9 of 10

F. Supp. 131, 218-20 (D.D.C. 1982), aff'd, Maryland v. United States, 460 U.S. 1001 (1983) ("AT&T II"). Moreover, the parties who were granted leave to intervene for purposes of appeal in these cases all shared identifiable legal claims with the main action and were not simply members of the public who had expressed a view during the Tunney Act proceedings.[5] See Flying J., 578 F.3d at 572-73 (association of competitor gasoline dealers); Microsoft, 373 F.3d at 1234-35 (competitor communications and software firms); AT&T I, 642 F.2d at 1291, 1293, 1295 (creator of database documents at issue in the dispute).

---

[5] Kohn's reliance on AT&T II to support his contention that "courts have routinely authorized post-judgment intervention for purpose of appeal by individuals or organizations who submitted comments to the Justice Department during Tunney Act proceedings" is misguided. When considering the question of what participation, if any, should be afforded to applicants for intervention in "post-judgment proceedings," the D.C. District Court suggested that it would apply the standard for intervention as of right outlined in Rule 24(a), and that "interested persons . . . will be allowed to intervene for the purpose of appealing the entry of the decree." Id. at 219 n.365 (emphasis supplied).

CONCLUSION

Bob Kohn's September 7, 2012 motion to intervene is denied.

SO ORDERED:

Dated: New York, New York
October 2, 2012

Denise Cote

DENISE COTE
United States District Judge